# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **MARY MORRISON,** | |
| 406 Revere Ct., | Case No.: 2:22-cv-3460 |
| Columbus, OH 43228 | |
| | JUDGE: |
| **Plaintiff, for herself and all others similarly situated,** | |
| | MAGISTRATE JUDGE: |
| vs. | **Jury Demand Endorsed Hereon** |
| **COLUMBUS FAMILY HEALTH CARE LLC,** | |
| c/o Statutory Agent: | |
| Devendran Sriramanane | |
| 1425 E. Dublin Granville Rd., Suite 110, | |
| Columbus, OH 43229 | |
| **Defendant.** | |

## COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiff Mary Morrison (referred to herein as "Named Plaintiff" or "Plaintiff"), on behalf of herself and others similarly situated, and proffers this Complaint for damages against Defendant Columbus Family Health Care LLC ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of Plaintiff's claims arising under the law of the United States.

3. This Court has jurisdiction over Named Plaintiffs' claims under the laws of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant is doing and has done substantial business in the Southern District of Ohio and Plaintiff performed work in and resides in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Mary Morrison is an individual, a United States citizen, and a resident of the state of Ohio. Plaintiff resides in Franklin County, Ohio.

6. Defendant Columbus Family Health Care LLC is an Ohio Limited Liability Company registered to do business in Ohio and conducting business in the Southern District of Ohio.

7. At all times relevant herein, Plaintiff was an "employee" of Defendant's as that term is defined by the FLSA and O.R.C. Chapter 4111.

8. Plaintiff brings this action on her own behalf and on behalf of those similarly situated, and she has given written consent to bring this action to collect unpaid overtime wages under the FLSA. Her consent is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

9. Defendant was Plaintiff's "employer" as that term is defined by the FLSA and O.R.C. Chapter 4111.

10. At all times relevant to this action, Defendant has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

11. At all times relevant to this action, Defendant's employees were engaged in interstate commerce and Defendant has annual gross volume sales and/or business in an amount not less than $500,000.00 during each of the three years preceding this Complaint.

**FACTUAL BACKGROUND**

12. Defendant Columbus Family Health Care LLC is in the business of providing home healthcare services.

13. Defendant operates out of a business office located at 1425 East Dublin Granville Road, Columbus, Ohio 43229.

14. Defendant employs Home Health Aides who provide home healthcare services to Defendant's clients in their homes.

15. Upon information and belief, Defendant employs more than 50 Home Health Aides at any given time.

16. Plaintiff was employed with Defendant between approximately October 2010 and September 2, 2022.

17. At all times relevant herein, Home Health Aides, including Plaintiff, were paid on an hourly basis.

18. Home Health Aides are not exempt from the overtime mandates of the FLSA and Ohio law.

19. Home Health Aides consistently worked more than 40 hours per workweek within the three years prior to filing this Complaint.

20. As part of their job duties, Home Health Aides are required to drive to client's homes to provide home health services.

21. Home Health Aides are required to drive to and from multiple different clients' homes within a single shift.

22. The time spent traveling between clients' homes within a single shift varies, depending on the number of clients Home Health Aides are servicing and the distance between the clients' homes.

23. However, Home Health Aides are not paid—at any rate—for their time spent traveling between clients' homes within a single shift.

24. Home Health Aides are required to "clock out" when they leave one client's home before driving to the next client's home. Home Health Aides are not permitted to "clock in" until they begin providing services at the next client's home.

25. On numerous occasions, Plaintiff has complained to Defendant that she is not receiving compensation for this travel time.

26. Plaintiff's complaints have been ignored, and Defendant continues to violate the law.

27. Defendant willfully refused and continue to refuse to pay Home Health Aides in accordance with the law.

## COUNT I
### FLSA Collective Action, 29 U.S.C. §201, *et seq.* - Failure to Pay Overtime

28. All of the preceding paragraphs are realleged as if fully rewritten herein.

29. Named Plaintiff brings her FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes the following:

> **All current and former Home Health Aides employed by Defendant during the three (3) years prior to the date of filing this Complaint through the date of conditional certification, who worked more than 40 total hours in any workweek, inclusive of time spent traveling between clients' homes (hereinafter referred to as "FLSA Class").**

30. Defendant subjected Plaintiff and the FLSA Class Members to the same pay policies and procedures by failing to pay them for travel time between clients' homes, resulting in a failure to pay them overtime compensation at a rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 during a workweek.

31. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Plaintiff is representative of all SSPs and is acting on behalf of others' interests as well as her own in bringing this action.

32. These SSPs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

33. In addition to the Plaintiff, numerous putative FLSA Class Members have been denied proper overtime compensation due to Defendant's company-wide refusal to pay for compensable time spent traveling between clients' homes within a single shift.

34. Named Plaintiff and the SSPs were paid on an hourly basis.

35. Named Plaintiff and the SSPs were non-exempt employees.

36. Named Plaintiff and the SSPs frequently worked more than 40 hours per week.

37. Named Plaintiff and the SSPs were not paid for compensable time spent traveling between clients. This resulted in Defendant's failure to pay an overtime premium for <u>all</u> hours worked in excess of 40 in each workweek.

38. Defendant was aware that Named Plaintiff and the SSPs regularly worked more than 40 hours per workweek but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 per week, including compensable travel time.

39. Defendant's violation of the FLSA was willful, as Defendant knew or demonstrated reckless disregard as to whether it was required to pay Named Plaintiff and the SSPs for this compensable travel time.

40. Accordingly, Named Plaintiff and the SSPs were forced to work more than 40 hours per week without proper overtime compensation.  As a result, Plaintiff and the SSPs have been damaged.

## COUNT II
### OMFWSA, R.C. 4111, *et seq*. - Failure to Pay Overtime

41. All of the preceding paragraphs are realleged as if fully rewritten herein.

42. Plaintiff asserts this claim under Ohio law.

43. Defendant's repeated and knowing failure to pay overtime wages for all hours worked in excess of 40 per workweek, including all compensable travel time, is a violation of Section 4111.03 of the Ohio Revised Code.

44. For Defendant's violation of O.R.C. 4111.03, Plaintiff is entitled to recover unpaid wages, an amount equal to the unpaid wages as liquidated damages, attorneys' fees and costs, and all other remedies available under Ohio law.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff is entitled to and prays for the following relief:

A. As to Count I, certification as a collective action to all SSPs and appointment of Named Plaintiff and her counsel to represent the FLSA Class; enter an order

directing Defendant to pay into a common fund for the benefit of Named Plaintiff and all other members of the FLSA Class the total amount of damages to which Named Plaintiff and the class are entitled, including unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendant to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA.

B. As to Count II, enter an order requiring Defendant to compensate Plaintiff for all unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs of the litigation, expert fees, and attorneys' fees; injunctive relief for Defendant to cease violations of the Ohio Minimum Fair Wage Standards Act; and such other or additional relief deemed appropriate by the Court.

C. Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ *Carrie J. Dyer*
Carrie J. Dyer (0090539)
(Carrie@MansellLawLLC.com)
Greg R. Mansell (0085197)
(Greg@MansellLawLLC.com)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-610-4134
Fax: 614-547-3614
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs hereby requests a jury of at least eight (8) persons.

/s/ *Carrie J. Dyer*
Carrie J. Dyer (0090539)