UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARY MORRISON, on behalf of
herself and others similarly situated,

    Plaintiff,

  v.

COLUMBUS FAMILY HEALTH
CARE LLC,

    Defendant.

Case No. 2:22-cv-3460
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

## OPINION AND ORDER

This matter is before the Court on the parties' Joint Motion for Approval of FLSA Settlement Agreement. (Jt. Mot., ECF No. 29.) For the reasons stated below, the Joint Motion is **DENIED without prejudice.**

### I. BACKGROUND

Plaintiff Mary Morrison brought this action in September 2022, under the Fair Labor Standards Act ("FLSA") and Ohio Minimum Fair Wage Standards Act ("OMFWSA"). (Compl., ECF No. 1.) Defendant Columbus Family Health Care LLC provides home healthcare services throughout Columbus, Ohio and the surrounding areas. (*Id.* ¶¶ 12–13.) Plaintiff alleges that Defendant failed to properly pay its Home Health Aides ("HHA")—including Plaintiff— overtime compensation for time the HHAs spent traveling between clients. (*Id.* ¶¶ 28–44.)

Plaintiff filed a "Pre-Discovery Motion for Conditional Class Certification and Motion for Court-Ordered Corrective Notice to Potential Opt-In Plaintiffs" (ECF No. 12), which this Court granted in part and denied in part (ECF No. 18). Plaintiff was authorized to send notice to potential opt-in plaintiffs, as well as corrective notice to certain potential opt-ins who had

received purported settlement payments from Defendant. (*Id.*) Four opt-ins consented to join the suit (together with Plaintiff, "Plaintiffs"). (ECF Nos. 19, 20, 24.)

On December 19, 2023, the parties notified the Court that they had reached a settlement. (ECF No. 27.) A little over a month later, they filed this Joint Motion, asking the Court to approve their Settlement Agreement, approve individual settlement payments to Plaintiffs, approve the payment of attorney's fees and litigation expenses to Plaintiffs' counsel, and dismiss the lawsuit on the merits with prejudice. (Jt. Mot.)

## II. ANALYSIS

To determine whether a proposed FLSA settlement is fair and reasonable, this Court considers: "(1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of plaintiff's success on the merits; and (5) the public interest in settlement." *Clevenger v. JMC Mech., Inc.*, No. 2:15-CV-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015). "Additionally, when a settlement agreement proposes an award of attorney's fees, such fees must be reasonable." *Id.*; 29 U.S.C. § 216(b) (A court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action.").

After careful review of the papers, the Court needs additional information to determine whether the proposed Settlement Agreement is fair and reasonable.

### A. The Proposed Individual Settlement Payments

The proposed gross settlement amount is $29,287.19. (Jt. Mot. PageID 238.) The Settlement Agreement provides individual settlement payments to Plaintiffs as follows: Mary Morrison, $3,858.11; Tammy Patterson, $709.85; Osnat Elbasel, $24.00; Marsha Pickelsimer, $2,003.87; and Alisha Pickelsimer, $1,645.60. (*Id.* PageID 238–39.) The total proposed payment

2

to Plaintiffs $8,241.43. (*Id.*)

The parties explain that the proposed individual settlement payments to Plaintiffs "represent damages comprised of the following: 1) unpaid overtime premiums for reported hours worked in excess of 40 per week; 2) unpaid and unreported drive time between clients' homes within a single shift; and 3) liquidated damages." (Jt. Mot. PageID 239.) The parties also provide some information about the process they used to compute the numbers. (*Id.*) They share no information, however, about what percentage of the calculated damages estimates the proposed individual settlement payments reflect. Generally, the Court considers such information when making its reasonableness determination. *See Pyfrom v. ContactUS, LLC et al.*, Case No. 2:21-cv-04293, ECF No. 115 (S.D. Ohio Apr. 24, 2024) (granting a joint motion for approval of an FLSA settlement where the individual settlement payments reflected about 109% of Plaintiffs' calculated overtime damages); *Smith v. SAC Wireless, LLC*, No. 20-10932, 2022 WL 1744785, at *3 (E.D. Mich. May 31, 2022) ("The settlement allocation awards Plaintiffs direct cash payments of almost 81% of the alleged owed overtime wages on the three-year period or 182% of the alleged overtime wages over the two-year period. . . . after fees and costs this represents approximately 115% of the alleged overtime wages over the two-year period.") (internal citations and quotations omitted); *Yorba v. Barrington Sch., LLC*, No. 2:21-CV-691, 2022 WL 2436952, at *5 (S.D. Ohio July 5, 2022) (finding the recovery to be "not just fair and reasonable" but "exceptional" where the "Net Settlement Fund equals approximately 144% of calculated alleged unpaid overtime for a three-year period").

The parties failed to supply such percentages, or unpaid overtime hours estimates, hourly rates, or any other similar information to help the Court discern the reasonableness of the "Payment Total" chart on page 6 of the Joint Motion. (Jt. Mot. PageID 239.) Without more, the

3

Court cannot determine the reasonableness of the proposed individual settlement payments.

### B. The Proposed Attorney's Fees Award

Plaintiffs' counsel ask for an attorney's fees award of $18,500, which constitutes 63% of the total settlement fund. (Jt. Mot., PageID 246.) They also request reimbursement of litigation expenses at $541.88, which together with the attorney's fees award is 65% of the total settlement fund. (*Id.*)

While an award of attorney's fees to a prevailing plaintiff is mandatory under § 216(b), "the amount of the award is within the discretion of the judge." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). A plaintiff "bears the burden of proving that the requested fees and expenses are reasonable." *Barnett v. E-Waste Sys., Inc.*, No. 1:14-CV-908, 2015 WL 1757302, at *7 (S.D. Ohio Apr. 17, 2015) (Black, J.). Even so, when examining the reasonableness of a fees award in an FLSA settlement, "the Court is cognizant that '[t]he purpose of the FLSA attorney fees provision is to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Bailey v. Black Tie Mgmt. Co. LLC*, No. 2:19-CV-1677, 2020 WL 4673163, at *5 (S.D. Ohio Aug. 12, 2020) (quoting *Fegley*, 19 F.3d at 1134). "[A]n award of attorney fees encourages the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134–35.

District courts have a choice to calculate attorney's fees by either using the lodestar method or the percentage-of-the-fund method. *Smyers v. Ohio Mulch Supply Inc.*, No. 21-3008, 2021 WL 2774665, at *2 (6th Cir. July 1, 2021). Under the lodestar method, courts calculate counsel's reasonable hourly rate and the number of hours that counsel reasonably expended on the case. *Id.* Under the percentage-of-the-fund method, courts assign a proportion of the total settlement to counsel. *Id.* District courts must explain their "reasons for adopting a particular methodology and the factors considered in arriving at the fee." *Id.* (internal quotations and

citations omitted).

Perhaps recognizing that Ohio district courts routinely award attorney's fees that constitute one-third of the settlement fund rather than 63%, Plaintiffs' counsel provide their time records and hourly rates and ask the Court to engage in a lodestar analysis. (*Id.* PageID 244–46; *see* ECF Nos. 29-1, 29-3); *see also Arp v. Hohla & Wyss Enterprises, LLC*, No. 3:18-CV-119, 2020 WL 6498956, at *6 (S.D. Ohio Nov. 5, 2020) (Rice, J.) ("In FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund.") (quoting *Carr v. Bob Evans Farms, Inc.*, No. 1:17-cv-1875, 2018 WL 7508650, at *4 (N.D. Ohio July 27, 2018)); *O'Neil v. Miller Pipeline, LLC*, No. 2:20-cv-4034, 2021 WL 5376235, at *2 (S.D. Ohio Nov. 2, 2021) (Watson, J.) (finding attorney's fees representing around one-third of the total settlement fund as reasonable); *Satterly v. Airstream, Inc.*, No. 3:19-CV-107, 2020 WL 6536342, at *10 (S.D. Ohio Sept. 25, 2020) (Rice, J.) (collecting cases) ("Federal jurisprudence within the Sixth Circuit, including this Court, hold that 1/3 of the settlement fund is a 'normal fee amount in a wage and hour case.'"); *Campbell v. Wise Med. Staffing, Inc.*, No. 2:18-CV-493, 2020 WL 9259704, at *2 (S.D. Ohio Feb. 21, 2020) (Morrison, J.) ("The Court . . . finds that one-third of the Settlement Fund is a reasonable percentage of the fund to be awarded for attorney's fees.").

Plaintiffs' counsel submitted their billing records attached to their declarations. (ECF Nos. 29-1, 29-3.) They focus the Court's attention on the fact that while they have "a total of $22,849.50 in fees under the lodestar approach, Plaintiffs' Counsel [have] agreed to accept the lesser amount of $18,500.00 to achieve a resolution of this action." (Jt. Mot. PageID 246.) Despite this precautionary cut, the proposed attorney's fees remain high. And the high fees request is particularly troublesome where the Court has no information about the percentage of

5

potential recovery the proposed individual settlement payments constitute.

The reasonableness of the proposed attorney's fees award depends on context that the Court is, at current, blind to. As an example, if the attorney's fees award constitutes 63% of the total settlement fund, and the individual settlement payments are only about 10% of Plaintiffs' potential recovery, the proposed settlement would be unreasonable and unfair. On the other hand, if the attorney's fees award constitutes 63% of the total settlement fund, and the individual settlement payments are around 90% of Plaintiffs' potential recovery, the proposal would be more equitable.

The Court needs additional information to evaluate the fairness and reasonableness of this proposed settlement.

### III. CONCLUSION

The parties' Joint Motion for Approval of FLSA Settlement Agreement is **DENIED without prejudice**. (ECF No. 29.) The parties are **DIRECTED** to file a revised Joint Motion for Approval or a status report within **30 days** of the date of this Opinion and Order. The revised Joint Motion must include the absent information discussed in this Opinion and Order.

This case remains open.

**IT IS SO ORDERED.**

**5/31/2024**                                       **s/Edmund A. Sargus, Jr.**
**DATE**                                             **EDMUND A. SARGUS, JR.**
                                                        **UNITED STATES DISTRICT JUDGE**